**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

**COUSINS INTERNATIONAL
FOOD CORP.,**

Debtor

**CASE NO. 12-08567-MCF**

**CHAPTER 11**

---

**ENCANTO RESTAURANTS, INC.;
COUSINS INTERNARIONAL FOOD
CORP.; CIF BARCELONETA CORP.,**

Plaintiffs,

v.

**LUIS S. AQUINO VIDAL; OLGA M. VIDAL;
HÉCTOR A. CORTÉS BABILONIA; and
GUILLERMO D. RODRÍGUEZ SERRANO,**

Defendants

**ADV. NO. 14-00030**

**OPINION AND ORDER**

The purchaser of two restaurants sold in a chapter 11 bankruptcy proceeding seeks declaratory relief to enforce the provisions of the sale order and to enjoin judgment creditors from executing judgment on it in a local court proceeding. The court addresses whether the debtor and the purchaser provided adequate notice to these judgment creditors of the debtor's bankruptcy filing and of the sale motion to bar them from prosecuting their claims against the purchaser in local court. We hold that since no notice was given of debtor's bankruptcy filing or of the sale motion to the judgment creditors, the declaratory relief requested is not within the purchaser's reach.

1

## I.     Backround

Cousins International Food Corp. ("Debtor"), an IHOP-franchise restaurant operator, filed for bankruptcy under chapter 11 on October 26, 2012.[1] Debtor subsequently filed a motion for the substantial sale of the IHOP franchises to Encanto Restaurants, Inc.'s ("Encanto"), which was approved by the court on February 26, 2013.[2] As the purchasing party, Encanto explicitly disclaimed all liability arising from Debtor's previous employees.

Prior to Debtor's bankruptcy, Luis S. Aquino Vidal, an ex-employee, and his mother, Olga M. Vidal, through their legal counsel, Héctor A. Cortés Babilonia & Guillermo D. Rodríguez Serrano (collectively, the "Aquinos"), filed a damages action for labor claims against Debtor in the Commonwealth of Puerto Rico, Court of First Instance in Arecibo (the "Local Proceeding") on September 20, 2011.  Debtor appeared through legal counsel in the Local Proceedings.  Debtor's counsel later requested leave to resign from Debtor's representation stating in her motion the following:

> Last week I became aware that my client, the Cousins International Food company [sic], filed for bankruptcy, such decision taking us by surprise.  I obtained this information through the press.  To date, I have not received any call or formal communication from my client informing its notification to file for bankruptcy.[3]

The local court ordered Debtor to present proof of its bankruptcy filing and of the Aquinos' inclusion in Debtor's bankruptcy proceeding. Debtor did not answer the court order nor file any proof to that effect. The Local Proceeding continued against Debtor and the court issued a final judgment on May 9, 2013, holding Debtor liable on various grounds of the complaint.

---

[1] The court substantively consolidated CIF Barceloneta Corp., an associated bankruptcy debtor, with Cousins International Food Corp.

[2] "Joint Motion For Sale of Property under Sections 363(b) and 365 of the Bankruptcy Code, Free and Clear of all Liens, Claims, Interests and Encumbrances,"  "Order approving Asset Purchase Agreement;"and  "Order Authorizing the Sale of Debtor's Assets Free and Clear of Liens," Dockets No. 29, 91, and 92, Case No. 12-08567, respectively.

[3] Docket No. 40-2, Exhibit B, ¶¶ 2-4, at 1 (Removed paragraph numbers).

On October 31, 2013, months after Debtor's sale of assets to Encanto, the Aquinos who had obtained a favorable judgment against the Debtor, moved to enforce that judgment against Encanto on the theory of successor liability. On December 17, 2013, Debtor and Encanto requested this court to compel the Aquinos to answer why they should not be found in contempt for violating the provisions of the automatic stay under section 362(a) of the Bankruptcy Code and the order approving the sale motion.[4] The court denied the contempt motion for failure to bring an adversary proceeding against the Aquinos.[5]

Subsequently, Encanto commenced the present adversary proceeding requesting declaratory and injunctive relief against the Aquinos from executing the local court judgment against it.[6] Debtor later joined as a co-plaintiff to the adversary action. Both Debtor and Encanto moved for partial summary judgment on all counts of the adversary complaint,[7] except with regard to the imposition of requested sanctions and attorney's fees. The Aquinos opposed. The court scheduled a hearing on the motion for summary judgment.

Based on the written motions and the arguments presented in open court on September 23, 2015, the court declined to find the Aquinos in violation of the automatic stay because adequate notice of Debtor's bankruptcy filing and of the sale motion was not given to them by Encanto or the Debtor.[8] As known creditors, the Aquinos were entitled to notice of Debtor's bankruptcy filing and the sale of substantially all of Debtor's assets in order to assert their interest in the bankruptcy proceedings. This court also declined to exercise its jurisdiction to enjoin the Local Proceeding or declare the judgment unenforceable because the Aquinos' lack of notice prevented them from

---

[4] "Urgent Joint Motion For An Order To Show Cause," Docket No. 195, Case No. 12-08567, at 7.
[5] Docket No. 196, Case No. 12-08567.
[6] "Amended Complaint," Docket No. 30, Case No. 14-00030.
[7] Debtor and Encanto requested the court to "[(1)] Declar[e] null, void and unenforceable the Judgment and Amended Nunc Pro Tunc Judgment issued in the State Court Action in violation of 11 U.S.C. § 362(a); [(2)] Find[] that the Aquinos willfully violated the automatic stay provided by 11U.S.C. § 362(a) [sic]. . . [(3)] Issu[e] a declaratory judgment under 28 U.S.C. § 2201(a), 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001(9) determining that the Judgment and Amended *Nunc Pro Tunc* Judgment are unenforceable against Debtor and/or Encanto pursuant to the Court's Orders at Dockets No. 71, 91 and 92 of Case No. 12-08567 (MCF)." Docket No. 37, Case No. 14-00030, at 16-17.
[8] Encanto declined to conduct discovery and preferred that the matter be resolved on the motion for partial summary judgment. Minutes of the Hearing, Docket No. 68, Case No. 14-00030.

3

participating in the sale proceedings and deprived them of an opportunity to object to the sale motion.

Plaintiffs argued in their summary judgment motion that Debtor had provided the Aquinos with actual or constructive notice of the bankruptcy filing through the informative motion filed by its local counsel.[9] The court disagreed. The court held that, as known creditors, the Aquinos were entitled to adequate notice of the bankruptcy proceedings in order to participate in and be privy to any matters affecting their interests as claimants, such as the bankruptcy sale. Since the Debtor's informative motion was insufficient notice, the Aquinos did not receive proper notice of the Debtor's bankruptcy filing and the sale motion.

Encanto filed a motion for reconsideration solely with regard to the request for declaratory relief.[10] Both parties filed cross motions for summary judgment. On June 8, 2016, the parties argued the pending motions and the court took the matters under advisement.

## II.      Encanto's request for reconsideration

A request for reconsideration under Rule 59(e) can only be sought in order to "correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994). Hence, this vehicle may not be used by the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier. Id.  Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided. A party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), nor may it present new arguments on a Rule 59(e) motion if such arguments could, and should, have been made before judgment issued. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

---

[9] Encanto's Statement of Uncontested Facts, Docket No. 37-1, at 3, ¶ 9.
[10] Debtor did not request the court's reconsideration of its September 2015 oral ruling.

In its Rule 59(e) motion, Encanto argues that the court failed to address its count on declaratory relief, pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 2201(a).[11] Encanto claims that the court only resolved the issues regarding a violation of the automatic stay but did not address its request for declaratory relief.[12] Encanto asserts that it is entitled to a judgment declaring that the prosecution against it in the Local Proceeding is unenforceable based on the court order approving the sale and the asset purchase agreement.[13] The court will address Encanto's contentions below.

Encanto's reliance on the approved sale order and asset purchase agreement is not convincing for the court to reconsider—let alone grant—the declaratory-relief requested, pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 2201(a). The court's authority to grant declaratory relief requested under 11 U.S.C. § 105(a) or 28 U.S.C. § 2201(a) is discretionary. Allstate Ins. Co. v. Charneski, 286 F.2d 238 (7th Cir. 1960). See also Sears, Roebuck & Co. v. American Mut. Liability Ins. Co., 372 F.2d 435 (7th Cir. 1967); Washington v. Gamire, 317 F.Supp. 1384 (D.C.Fla. 1970); Nichols v. Vance, 293 F.Supp. 680 (D.C.Tex. 1968). The law in the First Circuit is clear in regard to a bankruptcy court's lack of authority to declare the bounds of another court's judgment. In re Savage Indus., Inc., 43 F.3d 714 (1st Cir. 1994).

Encanto contends that successor liability is a type of interest that may be eliminated in a bankruptcy sale, pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f).[14] However, the court was not called upon to make a determination of which interests may or may not be cut off in a bankruptcy sale. The court is not prompted to resolve the state law issue of successor liability because its threshold inquiry in the matter is with regard to the Aquinos' due-process rights to receive notice of the sale in the first place. Encanto misses the point in addressing why the court should declare the rights of parties that did not participate in the bankruptcy proceedings and whose due process rights were overlooked throughout the bankruptcy sale in Debtor's case. Failure to provide proper notice caused the Aquinos' claims to "ride through" the bankruptcy.

---

[11] "Motion to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e)," Docket No. 70, Case No. 14-00030.
[12] Id. at 3.
[13] "Order approving Asset Purchase Agreement;" and "Order Authorizing the Sale of Debtor's Assets Free and Clear of Liens," Dockets No. 91 and 92, Case No. 12-08567, respectively.
[14] "Motion to Alter or Amend Order Pursuant To Fed. R. Civ. P. 59(e)," Docket No. 70, Case No. 14-00030, at 6-21.

5

Next, Encanto argues that "The [Aquinos] are [] violating the [] terms of [the Asset Purchase Agreement approved by this Court] and collaterally attacking the validity of the Court's Sale order before a different tribunal."[15] It is uncontested in Encanto's reconsideration motion that the Aquinos did not receive proper notice of Debtor's bankruptcy filing nor of the bankruptcy sale. Encanto did not elaborate on the issue of what would have constituted sufficient notice nor argue why the Aquinos have a duty to seek redress from this court after the sale order's approval, even when the Aquinos were deprived of their rights to proper notice as known creditors of the estate. Encanto litigates once more its assertion that the Aquinos had a duty to come before the court even when the Aquinos had no adequate notice of Debtor's bankruptcy filing.[16] The issue was adjudicated by this court in its oral ruling. The court held that the Aquinos were known creditors entitled to receive notice of Debtor's bankruptcy filing and plaintiffs' asset-sale agreement prior to the court's approval of it.

"The right to be heard has little reality or worth unless a party is informed that the matter is pending and can choose for itself whether to appear or default, acquiesce or contest." Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314 (1950). "[T]he fact that the creditor may…. be generally aware of the pending reorganization, does not of itself impose upon him an affirmative burden to intervene in that matter and present his claim. . . [T]he creditor has a right to assume that proper and adequate notice will be provided before his claims are forever barred." In re Arch Wireless, Inc., 534 F.3d 76, 83 (1st Cir. 2008). The Bankruptcy Rules specify that known creditors must receive: (1) notice of deadlines for filing proofs of claims (bar date), Fed. R. Bankr. P. 2002(a)(7); (2) a copy of the reorganization plan, Fed. R. Bankr. P. 3017(d); (3) notice of the

---

[15] Id.

[16] Encanto cited Cummings Properties, LLC. v. Heidelberg Print Fin. Americas, Inc., WL 1839252, at *3 (D. Mass. 2002) in support of this argument. The facts in this case are distinguishable from the one at hand. In the case at hand, the Aquinos had no knowledge of the case's filing. This fact is chiefly distinguishable from the cited case. The creditor in Cummings received inadequate notice of a bankruptcy sale and later opposed it. Despite this the creditor had received notice of debtor's bankruptcy filing and could have intervened in the proceedings. The Aquinos in the case at hand received no notice of Debtor's bankruptcy filing or the asset sale. The cited case may not be relied upon for support; it is neither an officially reported case nor binding upon this District. The First Circuit Court in Arch Wireless set the standard for adequate notice to known creditors. In re Arch Wireless, Inc., 534 F.3d 76, 83 (1st Cir. 2008). Encanto disingenuously argues that such notice standards for known creditors may only apply in dischargeability actions.

6

confirmation hearing, Fed. R. Bankr. P. 3017(d); and (4) the confirmation order, Fed. R. Bankr. P. 2002(f); Arch Wireless, 534 F.3d at 76.

In Arch Wireless, a corporation that received discharge pursuant to a chapter 11 plan of reorganization sought to enforce its discharge against a state court claimant. The claimant alleged that as a creditor its due process right to receive notice of the bankruptcy proceedings was affected and consequently its claim was not barred from debtor's discharge. The debtor argued that the creditor's general awareness of the debtor's bankruptcy filing through news media reports known to the creditor's president was sufficient to provide the creditor with adequate notice. On appeal, the First Circuit court held that that the Bankruptcy Code required the debtor to provide the known creditor with a wider breadth of notice, which includes knowledge of the claims bar date and of the confirmation hearing. Known creditors are those actually known to the debtor or whose identities are reasonably ascertainable to the debtor. The identity of a known creditor is reasonably ascertainable if the debtor can uncover the identity of that creditor through reasonably diligent efforts. Reasonable diligence does not require impractical and extended searches or a vast, open-ended investigation. Arch Wireless, 534 F.3d at 81.

It is also settled law in the First Circuit that sale proponents must ensure that parties in interest receive adequate notice and an opportunity to be heard before their interests may be adversely affected by a debtor's asset sale. In re Savage Indus., Inc., 43 F.3d 714 (1st Cir. 1994). In Savage, a claimant in a state court action did not receive notice of debtor's bankruptcy filing, debtor's substantial sale of asset, nor of debtor's plan for confirmation. Upon review, the First Circuit court affirmed the district court's holding and ruled that the claimant's state court action against the debtor and purchaser survived the bankruptcy proceedings. The bankruptcy court could not enjoin the prosecution of state law product liability claim against an all-asset transferee absent notice of the material terms of the asset transfer to the state court plaintiff. Id. at 721. A proposed sale free and clear of interest under § 363(f) must comply with the requirements of § 363(b) which mandate that "[t]he Trustee, **after notice and a hearing**, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b) (Emphasis added); 3 COLLIER ON BANKRUPTCY § 363.06[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Accordingly, a debtor must provide parties in interest with adequate notice and an opportunity to be

7

heard before their interests may be adversely affected. Fed. R. Bankr. P. 6004(a) (mandating manner of notice for a proposed sale); Fed. R. Bankr. P. 2002(a)(2) (21 days' notice by mail to parties in interest); Savage, 43 F.3d at 720.

As in Arch Wireless, both Debtor and Encanto are "bound by the rule that a known creditor's general awareness of a pending Chapter 11 reorganization proceeding is insufficient to satisfy the requirements of due process." 534 F.3d at 87. Debtor's counsel in the Local Proceedings may have provided a general awareness of a bankruptcy case that she obtained from some news media but failed to provide any specifics on the bankruptcy filing, such as the case number, the court location and the bar date to file claims. When the state court pressed for proof of notice, Debtor's counsel disregarded the court order. Absent a showing that the Aquinos were afforded appropriate notice of the bankruptcy sale or the sale agreement, the Aquinos' claims in the local court may not be enjoined nor declared void.

Lastly, Encanto argues that the equities in the case favor its request for declaratory relief. It points to certain provisions of the court-approved asset purchase agreement reflecting warranties and disclaimers with regard to successor liability. Because there was no notice to the Aquinos, Encanto's negotiated provisions did not have the desired effect of putting the Aquinos on notice of how their interests could be affected by the sale. Encanto's characterization of the court's ruling as a punishment misconstrues the court's duty to adjudicate parties' rights. Encanto assumed the risks as the purchasing party to the asset purchase agreement in the event that a known creditor was not properly notified of the sale. For the aforementioned reasons, Encanto's reconsideration is denied.

### III.    The cross motions for summary judgment

We now turn to the cross motions for summary judgment. The Aquinos ask that the court find (1) the Aquinos to be "known creditors," entitled to actual notice of the sale and the bankruptcy filings; (2) that the Aquinos did not violate the automatic stay; and (3) that the Aquinos' claims are precluded from discharge.

Encanto opposed the motion and cross-moved for summary judgment. In essence, Encanto requested the court's grant of declaratory relief to enforce the sale order and defended its standing to

8

pursue a stay-violation claim. The stay-violation issue, however, was not raised for the court's reconsideration. Debtor did not file any opposition or cross motion.

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994). See also Soto–Rios v. Banco Popular de P.R., 662 F.3d 112, 115 (1st Cir. 2011). Bankruptcy Rule 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure as the mechanism for adjudicating summary judgment motions. Summary judgment should be granted only when no genuine issue of material fact exists and the movant has successfully demonstrated his entitlement to judgment as a matter of law. The moving party must show that "there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" "if the record permits a rational factfinder to resolve that issue in favor of either party. Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015). A fact is "material" "if its existence or nonexistence has the potential to change the outcome of the suit. Id. Establishing a genuine issue of material fact requires evidence that is "significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[C]onclusory allegations, improbable inferences or unsupported speculation" are not sufficient to prove a fact. Razzaboni v. Schifano (In re Schifano), 378 F.3d 60, 66 (1st Cir. 2004). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

When both parties move for summary judgment, each party must carry its own burden of proof as the moving party in its cross motion and as the nonmoving party in response to the other party's motion. Wells Real Estate Inv. Trust II, Inc., 615 F.3d 45, 51 (1st Cir. 2010). If there are no disputed material facts, only one party is entitled to judgment as a matter of law.

9

### A.    Uncontested Material Facts

Encanto has admitted the facts germane to the Aquinos' request for summary judgment.[17] Therefore, the following facts are uncontested:

1.    Encanto is a domestic corporation organized and incorporated in the Commonwealth of Puerto Rico.[18]

2.    Debtor is a domestic corporation organized and incorporated in the Commonwealth of Puerto Rico.[19]

3.    Mr. Luis S. Aquino Vidal ("Aquino") and his mother Olga M. Vidal ("Vidal") are or were citizens of the Commonwealth of Puerto Rico during the period between March 2011 to date.[20]

4.    Mr. Héctor A. Cortés Babilonia ("Cortés") and Guillermo D. Rodriguez Serrano ("Rodriguez") are and were citizens of the Commonwealth of Puerto Rico during the period between September 20, 2011 to this date.[21]

5.    The Aquinos initiated the Local Proceeding on September 20, 2011.[22]

6.    Cortés and/or Rodriguez are to this date the legal counsel representing Aquino and Vidal in the Local Proceeding.[23]

7.    Debtor was summoned and obtained legal representation in the Local Proceeding.[24]

8.    Debtor, through its legal representation, appeared in the Local Proceeding, answered the complaint, and was present at various hearings.[25]

---

[17] The Aquinos state as an uncontested fact that they were not notified of the filing and approval by this court of Debtor's disclosure statement and plan. The Aquinos' Motion for Summary Judgment, Statement of Uncontested Facts, Docket No. 71 ¶12. This statement was qualified by Encanto in its opposing statement thereto. Docket No. 78 at 9, ¶ 12. However, this fact is not material. The dispute at hand concerns the Aquinos' lack of notice of Debtor's bankruptcy filing and of Debtor and Encanto's asset sale agreement.  Encanto also incorporated in its cross-motion the uncontested facts alleged in its former summary judgment motion.

18 Encanto's Docket No. 78 at ¶ 1, The Aquinos' Docket No. 61 at ¶ 1.

19 Encanto's Docket No. 78 at ¶ 2, The Aquinos' Docket No. 61 at ¶ 1.

20 Encanto's Docket No. 78 at ¶ 3, The Aquinos' Docket No. 61 at ¶ 1.

21 Docket No. 78 at ¶ 4, The Aquinos' Docket No. 61 at ¶ 1.

22 Docket No. 78 at ¶ 5, No. 37, Exhibit A. The Aquinos' Docket No. 61 at ¶ 1.

23 Docket No. 78 at ¶ 6, The Aquinos' Docket No. 61 at ¶ 1.

24 The Aquinos' Docket No. 71 at ¶ 2, Encanto's Docket No. 78, at 5 ¶ 2.

25 The Aquinos' Docket No. 71 at ¶ 3, Encanto's Docket No. 78, at 5 ¶ 3.

10

9.	Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 26, 2012  and, as of that date has managed its affairs as debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108. The final decree has not been entered in Debtor's bankruptcy case and as such the bankruptcy case has not been closed.[26]

10.	As part of the bankruptcy proceedings, Debtor filed its schedules and statement of financial affairs under penalty of perjury. Debtor did not disclose the Aquinos' Local Proceeding in its Statement of Financial Affairs. All documents were signed by Debtor under penalty of perjury.[27]

11.	At the time the bankruptcy petition was filed, the Aquinos were not included as creditors.[28]

12.	Since the filing of the bankruptcy case until today, Debtor has not included the Aquinos as creditors in its petition.[29]

13.	On November 15, 2012, Debtor's attorney in the Local Proceeding filed an informative motion requesting leave to resign as Debtor's legal representation and stating that she had learnt of Debtor's bankruptcy filing upon information obtained by her from the press.[30]

14.	The local court judge issued an order directing Debtor to provide proof of Debtor's bankruptcy filing and proof that the Aquinos were included as creditors. Upon Debtor's noncompliance with the November 15, 2012 order, the local court scheduled a pre-trial  hearing.[31]

15.	The local court entered judgment against Debtor. In it, the local court noted Debtor's noncompliance with the court's previous orders requiring notice of the bankruptcy filing.[32]

16.	Plaintiffs, through counsel, accepted at the hearing held on September 23, 2015 and on June 8, 2016, that neither Debtor nor Encanto gave notice of the asset purchase agreement to the Aquinos and that they were not included on the notices made of such sale.[33]

---

26 Docket No. 78 at ¶ 7, The Aquinos' Docket No. 61 at ¶ 2, & Docket No. 71 at 6 ¶ 4.
27 The Aquinos' Docket No. 71 at ¶ 5, Encanto's Docket No. 78, at 6 ¶ 5.
28 The Aquinos' Docket No. 71 at ¶ 6, Encanto's Docket No. 78, at 6 ¶ 6.
29 The Aquinos' Docket No. 71 at ¶ 7, Encanto's Docket No. 78, at 7 ¶ 7.
30Encanto's Docket No. 78, at 10 ¶ 8, certified translation, Docket No. 37-3, Exhibit B at 1-2 ¶¶ 1-4, 9-10.
31 The Aquinos' Dockets No. 71 at ¶ 10, No. 37-3, certified translation of Exhibit B, at 3-6, No. 37-4, certified translation of Exhibit C, at 1-4. Encanto's Docket No. 78, at 8 ¶ 10.
32The Aquinos' Docket No. 71 at ¶ 11. Encanto's Dockets No. 78, at 10 ¶ 11, No. 40-5, Exhibit D at 4, (certified translation of judgment included as Exhibit E of Encanto's Docket No. 37-6).  Docket No. 83, Audio of June 8, 2016, hearing.
33 The Aquinos' Docket No. 71 at ¶ 9, Encanto's Docket No. 78, at 8 ¶ 9. See also Dockets No. 35 and 39 in the bankruptcy case (12-08567).

11

**B.      Discussion**

Based on the uncontested facts, parties' respective motions and the oral arguments held on June 8, 2016, we reiterate our holding that the Aquinos were known creditors because Aquino was Debtor's former employee who brought a legal action for labor claims against the Debtor. Debtor was aware of this litigation because it appeared through an attorney to defend itself. Debtor did not report the Local Proceeding as a pending action in its Statement of Financial Affairs as required by item 4 or list the Aquinos in the creditors' matrix list. For this reason, the Aquinos are known creditors of Debtor.

The court concludes that as known creditors the Aquinos did not receive notice of the Debtor's bankruptcy filing or of the sale motion. As such, they could not have violated the automatic stay. Encanto argues again that adequate notice was provided to the Aquinos through Debtor-counsel's informative motion filed in the Local Proceeding, stating how she learnt through the news media that her client filed for bankruptcy. The local court refused to consider this statement as sufficient and required Debtor to transmit proof of its bankruptcy filing in order to provide adequate notice to the court and the parties. Debtor ignored the local court's order.

Not only did Debtor fail to provide adequate notice in the Local Proceeding, Debtor also failed to provide notice to the Aquinos in the bankruptcy proceeding. They were entitled to notice as known creditors of the estate of their right to participate throughout the different processes in the case's administration. Since the Debtor did not add the names and addresses of the Aquinos to the creditor's list, they were not notified of the bankruptcy filing or of the sale order. As a result of their exclusion from the creditor's list and in the certificate of service of the sale motion, the Aquinos could not be heard as to their position on the sale of the business nor could they know to cease prosecuting their action against the Debtor. Likewise, we see no reason why this court should validate the lack of adequate notice afforded by Debtor and Encanto to the Aquinos in light of the underlying notice principles that govern the bankruptcy process. Therefore, in view of the attendant circumstances surrounding the Aquinos' lack of notice, the Aquinos did not violate the automatic stay or the sale order by continuing to prosecute their prepetition damages action against the Debtor.

12

Because as known creditors the Aquinos were not provided with adequate notice of the bankruptcy filing, the claims bar date, the plan for confirmation, nor the bankruptcy sale, we further rule that the Aquinos' claims are not discharged in this bankruptcy proceeding.  The Aquinos' lack of adequate notice is a "defect which precludes discharge of a claim." Arch Wireless, 534 F.3d at 83 (citing Chemetron Corp. v. Jones, 72 F.3d 341, 345–46 (3d Cir. 1995)).

As a matter of law, the Aquinos are entitled to judgment in their favor.  Consequently, the Aquinos' motion for summary judgment is granted and Encanto's cross motion is denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14 day of June, 2016.

BY THE COURT:

*Mildred Cabán*

MILDRED CABAN FLORES
U.S. Bankruptcy Judge

13